Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

---

No. 08-1129

JOHN J. FIUMARA,

Plaintiff, Appellant,

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

---

Before

Lynch, Chief Judge,

Farris[*], and Howard, Circuit Judges.

---

Jeffrey R. Mazer with whom Mazer Law Group, LLC was on brief for appellant.
Robert P. Joy with whom Daniel S. Field, Robert P. Morris, and Morgan, Brown, & Joy, LLP were on brief for appellees.

---

May 1, 2009

---

[*] Of the Ninth Circuit, sitting by designation.

**FARRIS**, **Circuit Judge**.  The record satisfies us that there is no genuine issue of material fact for trial.  We review grants of summary judgment de novo.  Okmyansky v. Herbalife Int'l of America, Inc., 415 F.3d 154, 158 (1st Cir. 2005).

It is the plaintiff's burden to show that material questions of fact exist.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 324 (1986).  To do so in this matter, the plaintiff must show that he (1) is statutorily impaired under the Americans with Disabilities Act, 42 U.S.C. § 12101 (2000), (2) is a qualified individual who has the requisite skill, experience, education, and other job-related requirements for his position, (3) can perform the essential functions of his position with or without reasonable accommodations, and (4) was discharged because of his disability.  Criado v. IBM Corp., 145 F.3d 437, 441 (1st Cir. 1998).  Fiumara failed to show that he was a qualified individual under the ADA. He also had no commercial "Class B" driver's license at the time of his termination, a requirement for his job, and he failed to request a change of date of a scheduled health examination in a "sufficiently direct and specific" manner.  See Phelps v. Optima Health, Inc., 251 F.3d 21, 28 (1st Cir. 2001).  State law standards for Fiumara's disability claim under Mass. Gen. L. ch. 151B, § 4 (2009), are not more generous to Fiumara than federal law standards.  See Russell v. Cooley Dickinson Hosp., Inc., 772 N.E.2d 1054, 1063 (Mass. 2002).

-2-

An accommodation that inherently breaches existing employee agreements is not a reasonable accommodation. See <u>Laurin</u> v. <u>Providence Hosp.</u>, 150 F.3d 52, 56-61 (1st Cir. 1998). Similarly, indefinite leave is not a reasonable accommodation under the ADA. See <u>Watkins</u> v. <u>J & S Oil</u>, 164 F.3d 55, 61-62 (1st Cir. 1998). Harvard was neither required to give Fiumara a position as a bus driver, nor to grant Fiumara indefinite leave.

To prove retaliation under Massachusetts state law, a plaintiff must show that he was engaged in protected behavior, "and that the employer's decision to retaliate against him was a determinative factor in its decision to terminate his employment." <u>Abramian</u> v. <u>President and Fellows of Harvard College</u>, 731 N.E.2d 1075, 1087-88 (Mass. 2000). As the District Court noted, nothing in the record suggests that Fiumara was engaged in protected behavior prior to his termination, <u>Fiumara</u> v. <u>President and Fellows of Harvard College</u>, 526 F. Supp. 2d 150, 159 (D. Mass. 2007), or that Harvard desired to retaliate against him.

**AFFIRMED.**